# Northwestern Consolidated Milling Co. *v.* Young, Appellant.

*Assumpsit—Affidavits of defense—Averments — Insufficiency —*
*Salesmen—Collection of money—Application to other accounts—*
*Knowledge of principal—Agency.*

1. Where in an action of assumpsit for money had and received
to plaintiff's use, it appeared that defendant had been employed by
plaintiff as a salesman and collector, and that he had collected in
this capacity over $2,800.00 for plaintiff, an averment in the affi-
davit of defense that defendant should not be charged with this
amount because of the fact that he had paid it to plaintiff by ap-
plying it on other accounts on which money was owing was insuffi-
cient to prevent judgment where there was no averment of defend-
ant's authority to make these applications, and no averment that
they were made with the knowledge of plaintiff or of the parties
whose money was so credited.

2. Where in such case claim was made for $6,166.64, the value of
flour which defendant had sold for the account of plaintiff, and
which he had caused to be charged on the books of plaintiff as hav-
ing been sold to certain persons whose names were set forth but
who had not purchased the same, an averment in the affidavit of
defense that defendant was acting under the orders of an assistant
manager of plaintiff, that such manager would call on defendant
for money and insist on having advances without delay, and that
defendant thereupon made sales of flour at less than the prevailing
price, but charged the persons so purchasing with the prevailing
market price whereby the balances against customers, being the
difference between what they paid for the flour and the market
price, increased from time to time, aggregating the amount claimed,
was insufficient to prevent judgment where it did not appear that
such arrangement was ever acquiesced in plaintiff, or that plaintiff
had any knowledge of the same, or that the manager under whom
defendant was acting, had knowledge of such arrangement or that
he had authority to make such arrangement for the company.

Argued Feb. 18, 1918.    Appeal, No. 260, Jan. T., 1917,
by defendant, from judgment of C. P. Schuylkill Co.,
May T., 1917, No. 169, for plaintiff for want of sufficient
affidavit of defense, in case of Northwestern Consoli-
dated Milling Company v. George D. Young.   Before

POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for money had and received for plaintiff's use.

Rule for judgment for want of a sufficient affidavit of defense.

BECHTEL, P. J., filed the following opinion:

This case comes before us on a rule on the defendant to show cause why judgment should not be entered in favor of the plaintiff, notwithstanding the affidavit of defense to a portion of the plaintiff's claim. The plaintiff maintains a branch office and warehouse at Shenandoah in this county for the carrying on of its business in that vicinity and the defendant, George D. Young, was employed by it and acted as salesman and collector for it at the said place. Acting in such capacity, the affidavit of defense admits that the defendant received...... amounts of money from certain customers......

He claims, however, that he should not be charged with these amounts by reason of the fact that he paid them to the plaintiff by applying them to other accounts, that is, the credits were given to people other than those who actually paid the amounts. Where he received the authority to do this, or whether or not it was done with the knowledge of the plaintiff or the parties whose money was so credited, does not appear in the affidavit of defense. We do not see by what right this defendant collected the money from one man and credited it on the account of another, and we do not feel that this would be a valid defense in the trial of the case. We, therefore, grant judgment for this amount, $2,805.97.

The declaration claims from the defendant the sum of $6,166.64 for flour under the defendant's control and in his possession while he was employed as salesman and collector and which he caused to be charged on the books of the plaintiff as having been sold to certain persons. .....Whereas, in truth and fact, the flour to the amount

above named was never received by said parties, but was disposed of and delivered by the said defendant to other parties and he has received payment for the same and declined to make payment to the plaintiff. The affidavit of defense replying thereto sets forth that the defendant was under the orders and direction of F. D. Watts, assistant manager for eastern Pennsylvania, Philadelphia branch of the plaintiff company, and that the said F. D. Watts would call on defendant for money and insist on having advances without delay. Whereupon, the deponent would make sales of flour to different customers and others to realize money quickly and in order to do so and to induce immediate purchases so as to provide for the demands of the said F. D. Watts, defendant sold, to the different persons named, flour at less than the prevailing or market price, but, on the books of the company, the persons purchasing at reduced price were charged the prevailing or market price of flour and this course of dealing was carried on for a considerable time and in that way balances against the customers, being the difference between what they actually paid for the flour and the market price, increased from time to time; and alleges that all moneys received from the customers at less than market price were paid by the defendant to the milling company from time to time and that the balances against such customers, as appear in the fourth paragraph hereinabove set forth, defendant never received and was not and is not personally responsible to the company for the amounts.

There nowhere appears in the affidavit of defense any averment that this arrangement was ever acquiesced in by the plaintiff or that the plaintiff had any knowledge of the same, nor does it appear that F. D. Watts, assistant manager for the eastern Pennsylvania, had any knowledge of it or acquiesced in it, nor does it appear that the said F. D. Watts had the authority to make any such arrangement for the plaintiff company.

In view of these facts, we do not think that the affidavit of defense is sufficient as to these items.

The court entered judgment for plaintiff for want of sufficient affidavit of defense, for $8,877.16 with interest from August 14, 1916. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff for want of sufficient affidavit of defense.

*John F. Whalen,* with him *George Ellis,* for appellant.

*J. F. Mahoney,* with him *James B. Reilly,* for appellee.

PER CURIAM, April 22, 1918:

The court below was fully justified in entering judgment for want of a sufficient affidavit of defense in this case for the amount for which judgment was claimed. There was no sufficient denial of the claim of plaintiff that the defendant collected upon its account, and failed to pay over to it, the sums of money in question.

The judgment is affirmed.